Velecela-Rojas v. Blanche

BIA
Burnham, IJ
A220 999 364/365

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 16th day of July, two thousand twenty-six.

PRESENT:
  DENNIS JACOBS,
  ALISON J. NATHAN,
  MARIA ARAÚJO KAHN,
      *Circuit Judges.*
_____

VIVIANA PAOLA VELECELA ROJAS,
A.M.M.V.,
      *Petitioners,*

      v.                                                    **24-299**
                                                            **NAC**
TODD BLANCHE, ACTING UNITED
STATES ATTORNEY GENERAL,

*Respondent.*[*]

_____

**FOR PETITIONERS:**     Paul B. Grotas, The Grotas Firm, P.C., New York, NY.

**FOR RESPONDENT:**     Brian M. Boynton, Principal Deputy Assistant Attorney General; Lindsay M. Vick, Senior Litigation Counsel; Bichngoc T. Do, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioners Viviana Paola Velecela Rojas and her minor child, natives and citizens of Ecuador, seek review of a January 18, 2024, decision of the BIA affirming an April 5, 2022, decision of an Immigration Judge ("IJ") denying asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Viviana Paola Velecela-Rojas*, Nos. A220 999 364/365 (B.I.A. Jan. 18, 2024), *aff'g* No. A220 999 364/365 (Immigr. Ct. N.Y.C. Apr. 5, 2022). We assume the parties' familiarity with the underlying facts and procedural history.

_____

[*] The Clerk of Court is respectfully directed to amend the official caption as set forth above.

Under the circumstances, we have reviewed the IJ's decision as modified by the BIA, i.e., minus the IJ's CAT findings that the BIA found waived.[1]  *See Xue Hong Yang v. U.S. Dep't of Just.*, 426 F.3d 520, 522 (2d Cir. 2005).  We review fact-finding "under the substantial evidence standard," and generally review questions of law de novo.  *Hong Fei Gao v. Sessions*, 891 F.3d 67, 76 (2d Cir. 2018); *see also Urias-Orellana v. Bondi*, 607 U.S. 537, 545 (2026) (clarifying that some applications of law to fact, including "the agency's determination whether a given set of undisputed facts rises to the level of persecution," are reviewed for substantial evidence). "[T]he administrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B).

An applicant for asylum and withholding of removal must demonstrate past persecution or a fear of future persecution on account of "race, religion, nationality, membership in a particular social group, or political opinion."  *Id.* §§ 1158(b)(1)(B)(i), 1231(b)(3)(A).

---

[1] We do not consider Velecela Rojas's challenges to the IJ's denial of CAT relief because she did not exhaust them before the BIA.  *See Vera Punin v. Garland*, 108 F.4th 114, 124 (2d Cir. 2024) ("To preserve an issue for judicial review, the petitioner must first raise it with specificity before the BIA." (quotation marks omitted)).

3

*A. Social Group Claim*

To be cognizable, a proposed particular social group must be "(1) composed of members who share a common immutable characteristic, (2) defined with particularity, and (3) socially distinct within the society in question." *Paloka v. Holder*, 762 F.3d 191, 196 (2d Cir. 2014) (quoting *Matter of M-E-V-G-*, 26 I. & N. Dec. 227, 237 (B.I.A. 2014)). Particularity requires that a social group "be defined by characteristics that provide a clear benchmark for determining who falls within the group," and "be discrete and have definable boundaries—it must not be amorphous, overbroad, diffuse, or subjective." *Id.* (quoting *Matter of M-E-V-G-*, 26 I. & N. Dec. at 239). "To be socially distinct, a group . . . must be perceived as a group by society." *Id.* (quoting *Matter of M-E-V-G-*, 26 I. & N. Dec. at 240). "[C]ooperation with law enforcement may satisfy the requirements of immutability, particularity, and social distinction and establish a valid particular social group under the Act if the cooperation is public in nature, particularly where testimony was given in public court proceedings, and the evidence in the record reflects that the society in question recognizes and provides protection for such cooperation." *Matter of H-L-S-A-*, 28 I. & N. Dec. 228, 237 (B.I.A. 2021); *see also Gashi v. Holder*, 702 F.3d 130, 137–38 (2d Cir. 2012) (determining that a group of

4

witnesses to war crimes in Kosovo who cooperated with international authorities was socially distinct to both potential persecutors and the wider society because the names of potential witnesses were published on a public list, villagers knew Gashi had spoken to investigators and had criticized him for it, and he was attacked twice and threatened).

The agency did not err in rejecting Velecela Rojas's witness-based social group as lacking particularity and social distinction.[2] Individuals who cooperate with law enforcement against drug cartels in Ecuador do not constitute a group with a clear benchmark for determining membership, because "a determination about whether any petitioner fit into the group . . . would necessitate a sociological analysis as to" whether their acts constituted cooperation (which could include everything from providing an anonymous tip, being a confidential informant, or testifying in open court) and whether the individual had actually cooperated. *Ucelo-Gomez v. Mukasey*, 509 F.3d 70, 73 (2d Cir. 2007); *see also Paloka*, 762 F.3d at 196; *Matter of H-L-S-A-*, 28 I. & N. Dec. at 233 ("[P]ublic testimony against the gangs

---

[2] Contrary to the Government's argument, Velecela Rojas's challenge to the IJ's particularity finding is exhausted because the BIA explicitly addressed it despite her failure to raise it on appeal. *See Ruiz-Martinez v. Mukasey*, 516 F.3d 102, 112 n.7 (2d Cir. 2008), *abrogated in part on other grounds by Riley v. Bondi*, 606 U.S. 259 (2025).

establishes the requisite particularity of a group composed of those who had testified against gang members in open court because membership in this group can be easily verified--and thus delimited--through court records documenting group members' testimony." (ellipses and quotation marks omitted)). Velecela Rojas argues that the agency erred in finding that public testimony was required because, in *Gashi*, we found a group of prosecutorial witnesses to war crimes during the Kosovo conflict sufficiently particular even though the members had not testified publicly. But in *Gashi*, "[t]he number of persons who [had] given interviews to, or otherwise cooperated with, official war crimes investigators [was] finite, and undoubtedly quite limited." 702 F.3d at 137. Among the limitations were the type of crime (war crimes), the period for those crimes (the Kosovo conflict), and the officials with whom members cooperated (international war crimes investigators). *Id.* By contrast, Velecela Rojas's group is not delineated by the types of crimes reported, the time period for those crimes, or the officials with whom members cooperated, let alone all three. *Id.*

The agency also did not err in finding that Velecela Rojas failed to establish that her proposed social group was socially distinct because the record does not show that those who cooperate with law enforcement against drug cartels are

perceived as a distinct group in Ecuadorian society. *See Paloka*, 762 F.3d at 196; *Matter of H-L-S-A-*, 28 I. & N. Dec. at 232–37. She argues that prosecutorial witnesses are viewed as a distinct group because the government provides special protections through a witness protection program, but she is not a member of that arguably more discrete group. Accordingly, because the agency did not err in finding that Velecela Rojas's witness-based social group was not cognizable, it did not err in denying asylum or withholding of removal insofar as they were based on her social group claim. *See* 8 U.S.C. §§ 1158(b)(1)(B)(i), 1231(b)(3)(A); *Paloka*, 762 F.3d at 196; *Matter of H-L-S-A-*, 28 I. & N. Dec. at 231–37.

*B. Political Opinion*

To demonstrate that persecution (past or prospective) bears a nexus to an applicant's political opinion, "[t]he applicant must . . . show, through direct or circumstantial evidence, that the persecutor's motive to persecute arises from the applicant's political belief[s]," rather than merely from the persecutor's own opinion. *Yueqing Zhang v. Gonzales*, 426 F.3d 540, 545 (2d Cir. 2005). "The persecution may also be on account of an opinion imputed to the applicant by the persecutor, regardless of whether or not this imputation is accurate." *Hernandez-Chacon v. Barr*, 948 F.3d 94, 102 (2d Cir. 2020) (emphasis omitted). "[T]o qualify

7

as a 'political opinion,' an opinion must involve some support for or disagreement with the belief system, policies, or practices of a government and its instrumentalities; an entity that seeks to directly influence laws, regulations, or policy; an organization that aims to overthrow the government; or a group that plays some other similar role in society." *Zelaya-Moreno v. Wilkinson*, 989 F.3d 190, 199–200 (2d Cir. 2021) (citations omitted); *Matter of D-G-E-A- & N-G-G-E-*, 29 I. & N. Dec. 570, 577 (B.I.A. 2026) ("[T]o establish a political opinion under the INA, an alien must have an actual or imputed belief or conviction regarding a discrete cause that is tied to a government of a country, including a de facto government.").

The agency reasonably concluded that Velecela Rojas failed to establish a nexus between the harm she suffered and fears and an imputed anti-cartel political opinion. Her testimony established that cartel members targeted her for disrupting their business, but did not connect her harms and fears to her expression of (or the cartels' belief that she had) "any sort of disagreement with the policies they seek to impose []or any ideology they espouse." *Zelaya-Moreno*, 989 F.3d at 203. Accordingly, the agency did not err in denying asylum and withholding of removal insofar as those claims were based on political opinion. *See* 8 U.S.C. §§ 1158(b)(1)(B)(i), 1231(b)(3)(A); *Yueqing Zhang*, 426 F.3d at 545;

*Zelaya-Moreno*, 989 F.3d at 199–200.

For the foregoing reasons, the petition for review is DENIED. Petitioner's motions to excuse her late petition and for a stay of removal are DENIED as moot.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court

9